UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT B. WORLEY, )<br>)<br>Defendant. ) | No. 4:05-CR-309 CAS |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion to Dismiss Count 9 of the Indictment., and Motion for Continuance of Plea/Trial Setting. For the following reasons, the Court will deny defendant's motions.

Defendant is charged in Count 9 of the Indictment with "knowingly attempt[ing] to employ, use, persuade, induce, entice, and coerce a person he believed to be a minor, Jess, to engage in sexually explicit conduct, specifically: sexual intercourse, and said sexually explicit conduct was for the purpose of producing a visual depiction of such conduct . . . ." in violation of 18 U.S.C. § 2251(a).

Defendant moves for dismissal on the basis of legal impossibility, because the alleged eleven-year old child "Jess" did not exist, and a minor child did not accompany the undercover officer to the hotel on May 31, 2005 for the purpose of sexual activity with defendant or for defendant to photograph.

Defendant relies on a decision from the United States District Court for the Western District of Missouri which interpreted a separate statute, 18 U.S.C. § 2422(b). See United States v. Helder, No. 05-00125-01-CR-W-DW (W.D. Mo. Aug. 5, 2005). In Helder, Judge Dean Whipple entered a judgment of acquittal in favor of a defendant charged with a violation of 18 U.S.C. § 2422(b),

which criminalizes use of the Internet to solicit, or attempt to solicit, a minor for unlawful sexual activity. At trial, the evidence showed that Helder engaged in an on-line chat with an individual who was posing as a minor, but was in fact an adult law enforcement officer. Based on the language of the statute and its legislative history, Judge Whipple held that Section 2422 only criminalizes an attempt which actually involves a minor, rejecting the government's assertion that defendant's belief a minor was involved in the enticement was sufficient to sustain an attempt conviction under the statute. Id., slip op. at 2-4. Because no minor was involved, the court concluded the defendant's attempt was not unlawful because of legal impossibility. Id. at 4.

This Court declines to dismiss the indictment based on the Helder decision. As a threshold matter, Helder addresses a separate statute from that under which defendant is charged in Count 9 of the Indictment in this case. Defendant has not established that either the language or the legislative history of Sections 2422 and 2251 are equivalent. Thus, even if the Eighth Circuit Court of Appeals were to uphold the judgment of acquittal in Helder and conclude that an actual minor victim is required for a conviction under Section 2422, it does not necessarily follow that an actual minor victim is required for a conviction under Section 2251.

Although defendant does not cite any cases addressing this issue in the context of Section 2251, the cases this Court has found in independent research hold that an actual minor victim is not required to support a conviction under Section 2251(a). See United States v. Johnson, 376 F.3d 689, 693 (7th Cir. 2004) (actual minor victim is not required to support a conviction for attempting to produce child pornography in violation of 18 U.S.C. § 2251); see also United States v. Wales, 127 F.App'x 424 (10th Cir. 2005) (affirming a conviction under § 2251(a) and (d) where the "minor" was actually an adult law enforcement officer).

2

For these reasons, the Court will deny defendant's motion to dismiss Count 9 of the Indictment. The Court will also deny the motion for continuance of the plea/trial setting, based on its conclusion that the legal issue presented in <u>Helder</u> is not controlling of the instant case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count 9 of the Indictment is **DENIED**.  [Doc. 36]

**IT IS FURTHER ORDERED** that defendant's motion for continuance of the plea/trial setting is **DENIED**.  [Doc. 37]

　　　　　　　　　　　　　　　　　　_/s/ Charles A. Shaw_
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of August, 2005.