# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 4:05-CR-309 CAS |
| SCOTT B. WORLEY, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on defendant's pro se Motion for Release of Personal Property. For the following reasons, the Court will deny defendant's motion without prejudice to the filing of a separate civil action.

On September 1, 2005, defendant Scott B. Worley pleaded guilty to Counts II through IX of the indictment in this matter, which charged him with two counts of possession of child pornography, two counts of receipt of child pornography, three counts of transportation of child pornography, and one count of attempted production of child pornography. On November 17, 2005, the Court sentenced Worley to 180 months imprisonment and 25 years of supervised release.

On November 2, 2009, Worley filed the instant motion requesting the return of numerous items of personal property seized by the Jefferson County Sheriff's Department during a search of Worley's residence on October 8, 2003, pursuant to a warrant. Attached to the motion is a list of all items seized during the search, some of which are highlighted. Worley states that (1) the highlighted items on the list have no evidentiary value and should be released, (2) some of the items seized have sentimental value, and (3) some of the items have been illegally held since 2003. Worley does not assert any due process or other constitutional claims in the motion.

After a criminal case is concluded, a property owner may have rights under statutory or common law for return of property wrongfully seized, but he has no right to file a motion in the criminal case for the return of property under Rule 41(g), Federal Rules of Criminal Procedure.[1] See United States v. Rapp, 539 F.2d 1156, 1160 (8th Cir. 1976) (discussing former Rule 41(e)). Postconviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject matter jurisdiction, ancillary to its criminal jurisdiction, to hear the equitable matter. See Thompson v. Covington, 47 F.3d 974 (8th Cir. 1995) (per curiam) (citations omitted).

Defendant's motion for release of property should therefore be treated as a civil action, and it is subject to the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915. See Pena v. United States, 122 F.3d 3, 4-5 (5th Cir. 1997). As a result, defendant must file a new complaint and pay the filing fee or seek to proceed in forma pauperis. United States v. Williams, 2007 WL 2710960, *1 (E.D. Mo. Sept. 13, 2007); United States v. Carter, No. 4:96-CR-194 ERW (E.D. Mo. July 30, 2002); United States v. Marks, No. 1:94-CR-8 CDP (E.D. Mo. Nov. 8, 1999).

Because defendant has not submitted the filing fee or a motion to proceed in forma pauperis, the Court will deny the instant motion without prejudice to defendant's filing of a civil complaint with this Court for the return of seized property. The Court will order the Clerk to forward to defendant, together with a copy of this order, forms and instructions for filing a civil complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for release of personal property is **DENIED without prejudice**. [Doc. 65]

---

[1] Rule 41(g), Fed. R. Crim. P., provides in pertinent part, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."

**IT IS FURTHER ORDERED** that defendant may file a civil complaint requesting the return of his property. If defendant chooses to file a civil complaint, he shall submit to the Clerk along with the complaint either: (1) the $350.00 filing fee, or (2) a motion for leave to proceed in forma pauperis, an affidavit in support, and a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward to defendant, together with a copy of this order, forms and instructions for filing a civil complaint, and a form "Motion to Proceed in Forma Pauperis and Affidavit in Support - Prisoner Cases."

 

 

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of November, 2009.